UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALONZO BRADLEY,

        Plaintiff,

v.

DEPARTMENT OF EXECUTIVE SERVICES, OFFICE OF RISK MANAGEMENT SERVICES,

        Defendants.

Case No. C20-1068-MJP

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

    Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint which (based on allegations of violations of the 8th and 13th Amendments by state agencies) the Court interprets as being brought pursuant to 42 U.S.C. § 1983. The Court, having reviewed the complaint, does hereby find and ORDER:

    (1)  In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). To satisfy the second prong, a plaintiff must allege facts

ORDER DECLINING TO SERVE
 COMPLAINT AND GRANTING
LEAVE TO AMEND - 1

showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

(2)     The Court declines to order that plaintiff's complaint be served because his complaint is deficient in the following respect: Plaintiff does not specifically allege in his complaint that the individual defendants violated any of his federal constitutional rights nor does he set forth any specific facts demonstrating that the individual defendants personally participated in causing him any harm of constitutional dimension.  Plaintiff's vague and non-specific allegations that "Risk mngmt [*sic*] refused to adhere to the evidences that proved my immediate approval for tort regarding a conspired attempt to kill me in the community by attempting to shoot me with the participation of (8) gunmen, beginning in the Shilshole area," (Dkt. No. 1-1 at 5) are insufficient to state a claim upon which relief may be granted.

(3)     **Plaintiff may file an amended complaint curing the above-mentioned deficiencies within thirty (30) days of the date on which this Order is signed.  The amended petition must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present petition.**  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  If no amended complaint is timely filed, the Court will recommend that this matter be dismissed for failure to adequately allege a cause of action under § 1983.

(4)     The Clerk is directed to mail to the plaintiff the appropriate forms so that he may file an amended complaint.

1     DATED this 13th day of July, 2020.

                                                  */s/ Marsha J. Pechman*

                                                  Marsha J. Pechman
                                                  United States Senior District Judge

ORDER DECLINING TO SERVE
COMPLAINT AND GRANTING
LEAVE TO AMEND - 3